Simons, J.
(dissenting). I would affirm.
The evidence in the record does not support a finding that an error in recording the acreage for petitioner’s land for the years in question "resulted in an incorrect assessed valuation” and therefore constituted an "error in essential fact” warranting relief under Real Property Tax Law § 550 (3) (c).
Petitioner is the owner of one acre of improved property in Oyster Bay. From 1977 until 1986 the property was correctly described in the handwritten records of the assessor and assessed at $64,750 (8% of full value). In 1986 the parcel and all similar property was revalued and reassessed. The new assessed value of petitioner’s property was set at $110,200. Petitioner filed a tax certiorari proceeding which resulted in a negotiated settlement for 1986-1987 and 1987-1988 reducing *841 the assessments for those years to $92,200 and $99,200 respectively. The reductions were attributed in the settlement and on the tax records to the assessed value of the improvements; the assessed value of the land remained constant. The property has been assessed at $99,200 ever since.
In 1986, the County’s handwritten assessment records were transferred to computers and in the process petitioner’s property, previously described as approximately one acre, was erroneously described as four acres. Petitioner first discovered the error in 1990 and demanded refunds for 1989-1990, 1990-1991, 1991-1992. The assessor corrected the error but denied any refund.
The majority agree with petitioner’s contention that this error in acreage infected the valuation and resulted in the property being overassessed. Accordingly, they hold petitioner is entitled to a reduction in the assessment and a refund of taxes paid on the erroneous assessment.
It is petitioner’s burden, if it is to prevail on this proceeding, to establish that the acreage indicated by the computer records was not only erroneous but that the error was considered by the assessor and "resulted in an incorrect assessed valuation” (RPTL 550 [3] [c]). Undeniably there was an error in the size of the land recorded in the computer but in my judgment petitioner has failed to prove that the error infected the assessor’s judgment and caused an incorrect assessed valuation. Indeed, the inferences to be drawn from the evidence are the other way.
First, there is no evidence in the record that the existing assessment is unfair or unequal in relation to others or that it should be reduced because petitioner has been compelled to pay a disproportionate share of taxes. Yet the relief granted by the majority here will establish an assessment for the three years in question at $50,200, an amount far below any assessed value the property has enjoyed since at least 1977.
Second, the prior litigation addressed the assessment for the 1987 and 1988 tax years and thus the error appeared on the tax record at the time of the litigation and the June 1988 judgment settling the litigation. Because of this, one of two logical conclusions appears inescapable: (1) either the reassessment (and the ensuing settlement) was based on the correct land size on the handwritten card; or (2) if the 1986 reassessment was based on the incorrect computer record, the parties were aware of the error and — if they believed the assessors *842 had relied on it — adjusted the assessment accordingly during the tax certiorari proceeding. Yet, there was no adjustment to the land values in the settlement and, more importantly, no evidence that the error played any part in the stipulated value contained in the settlement and carried forward for the years now in question. Nevertheless, petitioner now demands refunds for these three years, claiming the assessed value agreed upon is based on an essential error in fact. It seems obvious that if the error infected the assessment, this sophisticated petitioner, or the attorneys that represented it at that time, would have recognized that the one-acre parcel was being assessed as if it were a four-acre parcel and demanded a lower assessed land value at that time. Although the settlement and the correction of the records which followed produced inconsistencies in some of the values assigned to land or improvements in the area (a not uncommon result of tax litigation), it is manifest that the assessment agreed upon and carried forward by the assessors in following years reflects the judgment of the assessors of the value of the property as it actually exists and not a value based upon an error in the computer description of the size of the property.
I therefore dissent.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur in memorandum; Judge Simons dissents and votes to affirm in an opinion in which Judge Titone concurs.
Order reversed, etc.